1  NJEREMY D. WARREN
   California State Bar Number 177900
2  105 West F Street, Fourth Floor
   San Diego,  California  92101
3  Tel:  (619) 234-4433
   Email: jw@jwarrenlaw.com
4

5  Attorney for Mr. Lemus

6

7                    UNITED STATES DISTRICT COURT

8                  SOUTHERN DISTRICT OF CALIFORNIA

9  UNITED STATES OF AMERICA,          )    Case No. 07cr3238-WQH
                                      )
10          Plaintiff,                 )
                                      )
11 v.                                  )    **MOTION FOR PRETRIAL DISCOVERY AND**
                                      )    **FOR LEAVE TO FILE FURTHER MOTIONS**
12 **JUAN HERNAN LEMUS,**              )
                                      )
13          Defendant.                 )
   _____)
14                                          **I.**

15                              **Introduction**

16       Juan Hernan Lemus, the defendant in this case, by and through counsel, Jeremy D. Warren, moves

17 the Court for an order directing the government to provide complete pretrial discovery.  This motion is

18 based on the United States Constitution, federal case law, and Rule 16 of the Federal Rules of Criminal

19 Procedure.

20                                    **II.**

21                            **Statement of Facts**

22       According to the reports provided by the government, the following occurred:

23       On the morning of August 24, 2006, officers of the Calexico Police Department intended to

24 execute a felony arrest warrant at the home of Mr. Lemus in Calexico.  The officers surveilled the

25 property that morning, and watched Mr. Lemus leave his mother's residence next door and enter his

26 residence.  The officers, with back up, approached Mr. Lemus after he left his residence shortly thereafter

27 and informed him they had an arrest warrant.  Mr. Lemus challenged the officers, asking them why he was

28 being arrested.  He backed up towards his open glass door, but was arrested there without incident.  The

1   officers conducted a sweep of his house, and found what appeared to be the handle of a pistol under the

2   couch.  Because Mr. Lemus was believed to have suffered a previous felony conviction, the officers

3   secured a search warrant through the Superior Court of Imperial County, and seized the pistol and some

4   ammunition as evidence of a violation of felon in possession of a firearm, California Penal Code § 12022.

5   Mr. Lemus was not charged with that offense, however, and it was not until more than one year later, in

6   November 2007, that the federal government secured the indictment in the instant case.

7        Mr. Lemus remains in custody, having been ordered detained by the magistrate judge.  At the

8   December 14, 2007, detention hearing, Mr. Lemus retained counsel, Michael Stein.  However, upon his

9   arrival in San Diego, Mr. Lemus requested re-appointment of counsel, and undersigned counsel was re-

10  appointed on January 10, 2008.  The parties have worked together to make sure that all relevant discovery

11  is produced; the government has acknowledged the need to provide further discovery that was either

12  missing or unreadable.

**II.**

**Motion to Compel Discovery/Preserve Evidence**

15       This request is not limited to those items that the prosecutor knows of, but rather includes all

16  discovery listed below that is in the custody, control, care, or knowledge of any "closely related

17  investigative [or other] agencies" under <u>United States v. Bryan</u>, 868 F.2d 1032 (9th Cir. 1989), and

18  discovery of which the government attorney may become aware through the exercise of due diligence:

19       (1)  <u>The Defendants Statements</u>.  Mr. Lemus requests disclosure of <u>all</u> copies of any written or

20  recorded statement made by the him or his codefendants; any written record containing the substance of

21  any oral statements made by the him or his codefendants and any written summaries of the his or his

22  codefendants' oral statements contained in the handwritten or rough notes of the government agent; any

23  response to any <u>Miranda</u> warnings which may have been given by him or any codefendant; any response

24  by either of the defendants to interrogation; as well as any other statements by the defendants.  Fed. R.

25  Crim. P. 16(a)(1)(A).

26       (2)  <u>Arrest Reports, Notes and Dispatch Tapes</u>.  Mr. Lemus also specifically requests the

27  government to turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate

28  to the circumstances surrounding his arrest or any questioning.  This request includes, but is not limited to,

any rough notes, records, reports, transcripts or other documents which contain statements of the defendant or any other discoverable material.  Fed. R. Crim. P. 16(a)(1)(A); Brady v. Maryland, 373 U.S. 83 (1963).  The government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant.  Fed. R. Crim. P. 16(a)(1)(B) and (C); Fed. R. Crim. P. 26.2 and 12(I).

(3) Criminal Record  Evidence of criminal record is available under Fed. R. Crim. P. 16(a)(1)(B). Evidence of other "similar" acts is discoverable under Fed. R. Crim. P. 16(a)(1)(B) and Fed. R. Evid. 404(b) and 609;  Mr. Lemus requests all his rap sheets and any other evidence discoverable under these rules.  Mr. Lemus requests all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any arrests and convictions or bad acts he has suffered or known of by the government.  He makes an identical request for all pertinent records of all co-defendants, former co-defendants and government witnesses including informants.

(4) Evidence Seized.  Mr. Lemus requests production of evidence seized as a result of any search, either with or without a warrant.  Fed. R. Crim. P. 16(a)(1)(C).

(5) Tangible Objects.  Mr. Lemus requests the opportunity to inspect and copy as well as test, if necessary, all documents and tangible objects, including photographs, books, papers, documents, alleged narcotics or narcotics related items, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant.  Fed. R. Crim. P. 16(a)(1)(C).  This is particularly necessary in this case because marijuana plants have a specific definition in federal law, and Mr. Lemus needs an opportunity to independently inspect all of the suspected marijuana plants so that he can determine whether each alleged plant has a readily observable root formation such as roots, a rootball, or root hairs.

(6) Request for Preservation of Evidence.  Mr. Lemus specifically requests the preservation of all dispatch recordings, inter-officer radio communication recordings, agents' rough notes, any documents, and any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case.  This request includes, but is not limited to seized weapons, alleged contraband (see § II(5), supra) and vehicles, the results of any fingerprint analysis, Mr. Lemus's personal effects, and any evidence seized

1  from the defendant or any other party.

2  (7) Reports Of Examinations And Tests.  Mr. Lemus requests the opportunity to inspect and copy

3  any reports of physical and mental examinations and any scientific tests which are material to the

4  preparation of the defense or intended for use in the government's case-in-chief.  Fed. R. Crim. P.

5  16(a)(1)(D).

6  (8) Expert Witnesses.  Mr. Lemus requests the name, qualifications, and a written summary of the

7  opinion/testimony and bases thereon of any person that the government intends to call as an expert

8  witness.  Fed. R. Crim. P. 16(a)(1)(E).

9  (9) Brady Material.  Mr. Lemus requests all documents, statements, agents' reports, and tangible

10  evidence favorable to the defendant on the issue of guilt, which affects the credibility of the government's

11  case, or which may result in a lower sentence under the United States Sentencing Guidelines.  Under

12  Brady, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to

13  the accused.  United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

14  (10) Giglio Information.  Mr. Lemus requests all statements and/or promises, express or implied,

15  made to any government witnesses in exchange for their testimony in this case, and all other information

16  which could arguably be used for the impeachment of any government witnesses.  Giglio v. United States,

17  405 U.S. 150 (1972).

18  (11) Informants and Cooperating Witnesses.  Mr. Lemus requests disclosure of the name(s),

19  address(es), criminal record and location(s) of all informants or cooperating witnesses used or potentially

20  to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this

21  case or otherwise participated in the crime charged.  Roviaro v. United States, 353 U.S. 52, 61-62 (1957).

22  The government must disclose any information derived from informants which exculpates or tends to

23  exculpate the defendant.  Brady v. Maryland, 373 U.S. 83 (1963).  The government must disclose any

24  information indicating bias on the part of any informant or cooperating witness.  Id.  Mr. Lemus also

25  requests that the government disgorge any information in its possession regarding other parties culpable in

26  this matter as these individuals are highly relevant and material to Mr. Lemus's defense.

27  (12) Jencks Act Material.  Mr. Lemus requests production in advance of trial of all material,

28  including dispatch tapes, which the government must produce pursuant to 18 U.S.C. § 3500.  Advance

1  production will avoid the possibility of delay at the request of defendant to investigate the Jencks material.

2  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is

3  sufficient for the report or notes to qualify as a statement under §3500(e)(1).  Campbell v. United States,

4  373 U.S. 487, 490-92 (1963).  In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth

5  Circuit held that when an agent goes over interview notes with the subject of the interview the notes are

6  then subject to the Jencks Act.

7      (13)  Any Potential 404(b)/609 Evidence.  Mr. Lemus requests prior notice of any other crimes or

8  bad acts that the government intends to introduce, whether in its case in chief, for impeachment or

9  rebuttal. Fed. R. Crim. P. 16(a)(1)(C); Fed. R. Evid. 404(b) and 609(b).  Mr. Lemus requests such notice

10  at least one month before trial in order to give the defense time to investigate and prepare for trial.

11      (14)  Any Information That May Result In A Lower Sentence Under The Guidelines  As discussed

12  above, this information is discoverable under Brady v. Maryland, 373 U.S. 83(1963).  This request

13  includes any cooperation or attempted cooperation by the defendant, as well as any information that could

14  affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines.  Also

15  included in this request is any information relevant to a Chapter Three adjustment, a determination of the

16  defendant's criminal history, or any other application of the Guidelines.  Additionally, Mr. Lemus

17  specifically requests any evidence the government intends to use at sentencing to establish his status as a

18  career offender or for any other enhancement to his sentence;

19      (15) Evidence of Bias or Motive to Lie  Mr. Lemus requests any evidence that any prospective

20  government witness, including a cooperating defendant, is biased or prejudiced against the defendant, or

21  has a motive to falsify or distort her or her testimony.  Pennsylvania v. Ritchie, 480 U.S. 39 (1987);

22  United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988);

23      (16) Impeachment evidence  Mr. Lemus requests any evidence that any prospective government

24  witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness

25  has made a statement favorable to the defendant.  See Fed. R. Evid. 608, 609 and 613.  Such evidence is

26  discoverable under Brady v. Maryland, supra.  See United States v. Strifler, 851 F.2d 1197(9th Cir.

27  1988)(witness' prior record); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965)(evidence that detracts

28  from a witness' credibility);

(17) <u>Evidence of Criminal Investigation of Any Government Witness</u>  Mr. Lemus requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.  <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir.) <u>cert. denied</u>, 474 U.S. 945 (1985);

(18) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>  Mr. Lemus requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.  <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 224 (4th Cir. 1980);

(19) <u>Witness Addresses</u>  Mr. Lemus requests the name and last known address of each prospective government witness.  <u>See</u> <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective assistance); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness.  <u>United States v. Cadet</u>, 727 F.2d, 1453 (9th Cir. 1984);

(20) <u>Name of Witnesses Favorable to the Defendant</u>  Mr. Lemus requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of her identity, or participation in the crime charged.  <u>Jackson v. Wainwright</u>, 390 F.2d 288 (5th Cir. 1968); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 223 (4th Cir. 1980); <u>Jones v. Jago</u>, 575 F.2d 1164, 1168 (6th Cir.), <u>cert. denied</u>, 439 U.S. 883 (1978); <u>Hudson v. Blackburn</u>, 601 F.2d 785 (5th Cir. 1979), <u>cert. denied</u>, 444 U.S. 1086 (1980);

(21) <u>Statements Relevant to the Defense</u>  Mr. Lemus requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert.  <u>United States v. Bailleaux</u>, 685 F.2d 1105 (9th Cir. 1982);

(22) <u>Personnel Records of Government Officers Involved in the Arrest</u>  Mr. Lemus requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of him,

1  pursuant to <u>Pitchess v. Superior Court</u>, 11 Cal. 3d 531, 539 (1974).  Because of the sensitive nature of

2  such <u>Henthorn</u> documents, defense counsel will not be able to procure then from any other source;

3      (23) <u>Prosecutor's Duty to Inspect Agent's Files</u>  Mr. Lemus requests that the court order the

4  prosecutor to <u>personally</u> review the personnel files of the agents involved.

5      (24) <u>Release of Evidence for Defense Testing</u>.  Mr. Lemus requests that the government release to

6  his designated expert all items seized so that the defense may conduct independent testing of the items.

7      (25)  <u>Subpoena, Intercept and Warrant Information and Evidence</u>.  Mr. Lemus requests a copy of

8  all electronic interception orders, search warrants and subpoenas (whether state or federal, whether written

9  or telephonic, and including recordings or transcripts of telephonic applications), and related applications

10 for electronic interception, subpoenas and warrants, their affidavits, attachments, and inventories related

11 to this case.   He also requests copies of all documents provided to or seized by the government pursuant

12 to such court-authorized orders.  He requests copies of all recordings made by the government made

13 pursuant to warrant or order as well as line-sheets and any other documentation of such recordings.

14      (26) <u>Residual Discovery/All Other Relevant Materials</u> Mr. Lemus intends for this motion to cover

15 the full extent of discoverable material.  She therefore requests that the government be required to

16 disgorge all other discoverable material which she otherwise has failed to request.

17                                      **III.**

18              **<u>Mr. Lemus Seeks Leave to File Further Motions</u>**

19      Undersigned counsel has informed the government that several pages of discovery are either

20 unreadable or missing.  The assigned prosecutor has assured the Court that the discovery will be provided

21 shortly.  Once it is received, Mr. Lemus intends to file a motion to suppress the evidence (gun and

22 ammunition) based on a violation of the Fourth Amendment.  He therefore requests a brief delay so that

23 he may file this motion.

24 //

25 //

26 //

27 //

28 //

# IV.

## Conclusion

For the reasons stated above, the defendant, Mr. Lemus, respectfully requests that this Court grant the above-requested motions.

Respectfully submitted,

/s Jeremy D. Warren

Dated: January 22, 2008

JEREMY D. WARREN
Attorney for Defendant Lemus

**PROOF OF SERVICE**

I declare that:

I am a citizen of the United States and employed in the city of San Diego, CA.  I am over eighteen years of age.  My business address is 105 West F Street, Fourth Floor San Diego, CA  92101.

On January 22, 2008, I personally served the following documents:

**Notice of Motion and Motion for Discovery and for Leave to File Further Motions**

on the below attorneys by electronic filing:

Assistant United States Attorney Randy Jones

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on January 22, 2008 at San Diego, CA.


/s Jeremy Warren

_____
Jeremy D. Warren