KAREN P. HEWITT
United States Attorney
RANDY K. JONES
Assistant U.S. Attorney
California State Bar No. 141711
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5681
randy.jones2@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JUAN HERNAN LEMUS, <br><br> Defendant. | Criminal Case No. 07CR3238-WQH <br><br> DATE: March 24, 2008 <br> TIME: 2:00 p.m. <br><br> **UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS:** <br><br> **1) FOR DISCOVERY** <br> **2) FOR LEAVE TO FILE FURTHER MOTIONS** <br> **3) TO SUPPRESS EVIDENCE BASED ON AN ILLEGAL SEARCH** <br><br> **TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES, AND GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY** |

COMES NOW, the Plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Randy K. Jones, Assistant U.S. Attorney, and hereby files its Response and Opposition to defendant's above-referenced motions. Said response is based upon the files and records of the case, together with the attached statement of facts and memorandum of points and authorities.

//

//

//

**I.**

## STATEMENT OF THE CASE

On November 29, 2007, a federal grand jury returned a one-count indictment charging Defendant Juan Hernan Lemus ("LEMUS") with being a Felon in Possession of a Firearm and Ammunition, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

On January 10, 2008, the Defendant was arraigned on the Indictment and entered a plea of not guilty.

The motions hearing has been scheduled for March 24, 2008 at 2:00 p.m.

**II.**

## STATEMENT OF THE FACTS

A.   Arrest of Lemus

On August 24, 2006, at approximately 6:00 a.m., Calexico Police Department (CPD) Detectives Longoria and Diaz were advised that there was an outstanding arrest warrant for Lemus on possession of controlled substance for sale charges. Based on prior law enforcement contacts with Lemus, the detectives knew Lemus was a convicted felon and knew that he lived at 301 Sixth Street, Apartment C, Calexico. To confirm that Lemus still lived at that residence, the detectives went to the apartment and conducted surveillance outside of the residence. Shortly thereafter, the detectives saw Lemus walking from his mother's residence (301 Sixth Street) to his apartment (301 Sixth Street, Apartment C) carrying a beige file folder. Lemus' apartment was in the rear of his mother's yard. For officer safety, the detectives requested back-up. CPD Sgt. Gerardo and Officer Orozco responded.

At approximately 9:49 a.m., the officers approached Lemus' apartment. Just as they approached, Lemus was exiting the apartment through a sliding glass door. The detectives announced themselves as police officers and told Lemus to walk toward them. Lemus refused to do so and demanded to know why he was being asked to come toward the detectives. The detectives told Lemus they had a warrant for his arrest. Lemus continued to ignore the officers' commands and backed up toward the sliding glass door. Lemus was immediately apprehended without further incident.

//

//

### B.    Protective Sweep of Lemus' Apartment

The sliding glass door was still open, at which point the officers cleared the apartment for officer safety reasons. As they exited the apartment, CPD Detective Diaz saw the beige file folder Lemus had earlier been seen carrying located in between the sofa cushions. Detective Diaz also saw the butt and grip portion of a handgun protruding from underneath the sofa cushion. Detective Diaz told Detective Longoria what he had seen. Based on Lemus' status as a convicted felon, Detective Longoria knew that Lemus would be in violation of the felon in possession of a firearm statute. Detective Longoria lifted the sofa cushion and noticed a black and silver Ruger semi-automatic handgun.

### C.    State Search Warrant Secured and Executed

Detective Longoria secured the premises and later obtained a state search warrant signed by San Diego County Superior Court Judge Jeffrey Jones. (See Attachment A - Copy of State Search Warrant). At approximately 3:30 p.m., local police officers, along with ATF Special Agent Hernandez, executed the search warrant at 301 Sixth Street, Apartment C. The firearm was removed from under the sofa cushion and collected as evidence. The firearm, a black and silver Ruger P-95 DC 9 mm semi-automatic handgun, was loaded with nine 9mm rounds in the magazine. In addition, dominion and control documents in Lemus' name was found and recovered, along with a photo album containing several photographs of Lemus with several documented gang members.

### D.    Firearm Trace

A subsequent ATF firearm trace of the handgun shows that the firearm was purchased from Arizona Sportsman, Inc., Mesa, Arizona, by a Robin Smith, Chandler, Arizona on October 26, 1998. The firearm has not been reported stolen.

### E.    Fingerprint Evidence

On December 11, 2006, a latent fingerprint recovered from the firearm magazine was compared with the left thumb print of Lemus taken the date of his arrest. The fingerprints matched.

### F.    Interstate Nexus

A subsequent interstate nexus check revealed that the firearm was manufactured by Sturm, Ruger & Co., in Prescott, Arizona.

//

G.    Lemus' Prior Criminal Record

Certified court documents show that Lemus was convicted on September 11, 2002 in the Superior Court of California, Imperial County, of accessory after the fact in a drive by shooting into an inhabited dwelling. He received 180 days in county jail and 3 years probation.

## III.

## POINTS AND AUTHORITIES

A.    DEFENDANT'S MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE

The defendant has filed several broad requests for discovery and to preserve the evidence in this case. To simplify the response, the various items sought have been broken down into the following categories: (1) items to which the Government has no objection; and (2) items to which the defendant is not entitled.

1.    Items Which Have Been or Will Be Provided

(a) copies of any statement of the defendant, whether oral, written, recorded, or videotaped;

(b) copies of any arrest reports and dispatch tapes;

(c) the terms of all agreements with cooperating witnesses, if they have been entered into;

(d) evidence of any prior similar crimes, wrongs, or acts of the defendant that the Government intends to introduce under Fed. R. Crim. P. 404(b);

(e) relevant exculpatory evidence, and information concerning the credibility or bias of Government witnesses;

(f) statements of witnesses to be called in the Government case-in-chief pursuant to the Jencks Act;

(g) the results of any scientific tests or examinations; reports or the experts who will be called to trial to be provided at the time reciprocal discovery of any defense reports are provided to the Government;

1         (h)    the opportunity to inspect all tangible evidence within the Government
2 possession, custody, or control pursuant to Fed. R. Crim. P. 16(a)(1)©;
3         (i)    copies of any prior felony convictions of the defendant or witnesses for
4 which the Government is aware. If the defendant has knowledge that any person might have a record,
5 a more particularized request should be made.
6         (j)    copies of all search warrants and any evidence seized thereof;
7         (k)    all other relevant discovery required by <u>Brady</u>, <u>Giglio</u>, <u>Henthorn</u>, Jencks
8 Act, and Rules 12 and 16 of the Federal Rules of Criminal Procedure.
9     2.    <u>Items To Which Defendant Is Not Entitled</u>
10 The Government believes the defendant is not entitled to:
11         (a)    the addresses of Government witnesses. <u>United States v. Cinder</u>, 423 F.2d
12 904, 910 (9th Cir. 1970);
13         (b)    the rough notes of agents or investigating officers, although the
14 government will move to preserve such evidence. <u>United States v. Spencer</u>, 618 F. 2d 605 (9th Cir.
15 1980);
16         (c)    to the extent that the above does not answer all of the discovery requests
17 made by the defendant, the Government opposes any additional discovery on the grounds that there is
18 no authority requiring the Government to produce such material.
19     **B.**    DEFENDANT'S MOTION TO GRANT LEAVE TO FILE FURTHER MOTIONS
20 The Government does not oppose leave for filing additional motions. The Government requests
21 leave to file additional response and opposition papers in the event the defendants are granted leave to
22 file additional motions.
23     **C.**    MOTION TO SUPPRESS EVIDENCE SHOULD BE DENIED
24 Lemus argues that his arrest and the subsequent search and seizure of the firearm was illegal.
25 This argument should fail as the firearm was legally seized.
26     1.    <u>The protective sweep was valid</u>
27 First of all, the initial entry to secure Lemus' residence was justified by the "protective sweep"
28 doctrine. A protective sweep is justified when necessary to prevent the destruction of evidence, See <u>Ker</u>

v. California, 374 U.S. 23, 40-42 (1963)(police may enter suspect's house without warrant to prevent destruction of marijuana); United States v. Andersson, 813 F.2d 1450, 1455 (9th Cir. 1987)(police may make warrantless search of hotel room to prevent destruction of narcotics); and for the safety of law enforcement officers. United States v. Delgadillo-Velasquez, 856 F.2d 1292, 1298 (9th Cir. 1988).

The facts supporting the protective sweep of Lemus' residence include: 1) Agents were aware that Lemus had an outstanding arrest warrant for possession of controlled substance for sale; 2) Lemus was a convicted felon; 3) Lemus was seen leaving the apartment and was encountered by the officers just outside of his apartment; and 4) the police officers reasonably believed that someone was inside Lemus' residence who could destroy evidence or pose a danger to the arresting officers.

In addition, the firearm was found in "plain view". To fall within the plain view exception, two requirements must be met: 1) the officers must be lawfully searching the area where the evidence is found, and 2) the incriminatory nature of the evidence must be immediately apparent. United States v. Stafford, 416 F.3d 1068, 1076(9th Cir. 2005). The officers were properly at Lemus' residence to execute an arrest warrant. Therefore, the officers had the legal authority to arrest Lemus, even if it meant going into the home to secure the premises for officer safety. Once inside the house, the officers saw the butt and grip of a firearm in plain view. Having seen evidence of a firearm in plain view, the officers had the authority to seize the weapon.

        2.     Even assuming, aguendo, the protective sweep was not justified,
<u>the evidence would inevitably have been discovered</u>

Even assuming, arguendo, that the protective sweep was not justified, the firearm was legally seized because it would have been inevitably discovered pursuant to the valid search warrant authorized by the San Diego Superior Court Judge. See Murry v. United States, ___ U.S. ___, 108 S. Ct. 2529 (1988)(despite illegality of a warrantless entry, subsequent search pursuant to a lawfully obtained search warrant based upon an "independent source" permitted the admission of evidence). In United States v. Merriweather, 777 F.2d 503, 506 (9th Cir. 1985), cert. denied, ___ U.S. ___, 106 S. Ct 1497 (1986), citing Nix v. Williams, 467 U.S. 431 (1984), this court held that "[i]f the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means . . . then the deterrence rationale [for the exclusionary rule] has so little

basis that the evidence should be received." See also United States v. Spety, 721 F.2d 1457 (9th Cir. 1983)(warrant not tainted by earlier sweep of premises where affidavit sufficient even absent observations made during sweep.)

The state search warrant issued by State Court Judge Jones was validly issued, based on probable cause to believe that firearms and ammunition would be found in the house, and was relied on in good faith by the officers who executed it. (See Attachment A).

### D.   GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY

#### 1.   Rule 16(b)

The defendant has invoked Federal Rule of Criminal Procedure 16 in his motion for discovery. The Government has voluntarily complied with the requirements of Federal Rule of Criminal Procedure 16(a). Thus, the 16(b) provision of that rule, pertinent portions of which are cited below is applicable:

The Government hereby requests the defendant permit the Government to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody, or control of the defendant and which he intends to introduce as evidence in his case-in-chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of the defendant, which he intends to introduce as evidence-in-chief at the trial or which were prepared by a witness whom the defendant intends to call as a witness. The Government also requests that the Court make such orders as it deems necessary under Rules 16(d)(1) and (2) to insure that the Government receives the discovery to which it is entitled.

#### 2.   Rule 26.2

Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all witnesses, except the defendant. The new rule thus provides for the reciprocal production of Jencks statements. The Government hereby requests that the defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. This order

should include any form these statements are memorialized in, including but not limited to, tape recordings, handwritten or typed notes, and reports.

## IV.
## **CONCLUSION**

For the foregoing reasons, Defendant's motions should be denied.

DATED: March 20, 2008

                                              Respectfully Submitted,

                                              KAREN P. HEWITT
                                              United States Attorney

                                              s/ Randy K. Jones
                                              RANDY K. JONES
                                              Assistant United States Attorney
                                              Attorneys for Plaintiff
                                              United States of America
                                              Email: randy.jones2@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,         ) | Case No. 07CR3238-WQH |
|                           ) | |
|             Plaintiff,    ) | |
|                           ) | |
|        v.                 ) | |
|                           ) | CERTIFICATE OF SERVICE |
| JUAN HERNAN LEMUS,        ) | |
|                           ) | |
|             Defendant.    ) | |
|                           ) | |

IT IS HEREBY CERTIFIED THAT:

    I, RANDY K. JONES, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

    I am not a party to the above-entitled action. I have caused service of United States' Response and Opposition to Defendant's Motion Together with Statement of Facts, Memorandum of Points and Authorities, and Government's Motion for Reciprocal Discovery on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    1.  Jeremy D. Warren          (Email: jw@jwarrenlaw.com)

    I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 20, 2008

                                                s/Randy K. Jones
                                                RANDY K. JONES