JEREMY D. WARREN
California State Bar Number 177900
105 West F Street, Fourth Floor
San Diego, California 92101
Tel: (619) 234-4433
Email: jw@jwarrenlaw.com

Attorney for Mr. Lemus

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 07cr3238-WQH |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **DEFENDANT'S MOTIONS IN LIMINE TO:** |
| | ) | **1. PRECLUDE 404(b) EVIDENCE,** |
| JUAN HERNAN LEMUS, | ) | **2. PRECLUDE EVIDENCE OF THE NATURE OF MR. LEMUS'S PRIOR FELONY,** |
| Defendant. | ) | **3. PREVENT INDICTMENT FROM GOING TO DELIBERATIONS, and** |
| | ) | **4. GRANT ATTORNEY VOIR DIRE** |

**I.**

**Introduction**

Juan Hernan Lemus, the defendant in this case, by and through counsel, Jeremy D. Warren, moves the Court for an order granting his motions in limine. This motion is based on the United States Constitution, federal case law, the Federal Rules of Criminal Procedure, and the attached statement of facts and legal arguments.

**II.**

**Statement of Facts**

On the morning of August 24, 2006, officers of the Calexico Police Department intended to execute a felony arrest warrant at the home of Mr. Lemus in Calexico. The officers surveilled the property that morning, and watched Mr. Lemus leave his mother's residence next door and enter his residence. The officers, with back up, approached Mr. Lemus after he left his residence shortly thereafter and informed him they had an arrest warrant. Mr. Lemus backed up towards his open glass door, but was arrested there without incident. The officers conducted a sweep of his house, and found what appeared to

be the handle of a pistol under the couch. Because Mr. Lemus was believed to have suffered a previous felony conviction, the officers secured a search warrant through the Superior Court of Imperial County, and seized the pistol and some ammunition as evidence of a violation of felon in possession of a firearm, California Penal Code § 12022. Mr. Lemus's fingerprint was discovered on the firearm's magazine. Mr. Lemus was not charged with that offense, however, and it was not until more than one year later, in November 2007, that the federal government secured the indictment in the instant case.

Mr. Lemus remains in custody, having been ordered detained by the magistrate judge. The Court denied Mr. Lemus's Fourth Amendment motion to suppress the evidence, finding that the officers conducted a legitimate protective sweep of the residence, and the case is set for trial on June 3, 2008.

### III.

### The Court Should Preclude the Government from Introducing Evidence under Federal Rule of Evidence 404(b).

*A.     The Government has not Provided Notice as Required.*

Federal Rule of Evidence 404(b) requires that the government provide "reasonable notice in advance of trial" of any evidence of "other crimes, wrongs, or acts" it plans to introduce. FRE 404(b). The notice requirement is triggered when timely requested by the defendant. *United States v. Vega*, 188 F.3d 1150, 1154 (9th Cir. 1999). Here, Mr. Lemus timely requested notice of proposed 404(b) evidence in his motion to compel discovery. To date, the government has not provided any notice of specific evidence that it might seek to introduce under this rule.

As a result, Mr. Lemus requests that this court preclude introduction of any evidence of other crimes, wrongs, or acts under Rule 404(b).

*B.     The Court Should Preclude Any Evidence of Mr. Lemus's Past as Improper, Irrelevant and Prejudicial*

Should the Court forgive the government's failure to provide notice of 404(b) evidence, Mr. Lemus urges the Court to preclude evidence of his past as improper, irrelevant and prejudicial pursuant to Federal Rule of Evidence 403. It is difficult to anticipate exactly what extrinsic evidence the government may seek to introduce at trial, but Mr. Lemus is concerned that it may try to present evidence that he (and his family) has gang ties, was involved in an earlier incident or incidences involving firearms, and has

1 family members who are dangerous or violent or who maintain criminal records.  He also is concerned
2 that the government may seek to introduce photographs taken by officers inside Mr. Lemus's apartment of
3 Scarface movie posters, pictures of Mr. Lemus with purported gang members, and other items that some
4 may perceive as glorifying violence or gang culture.

5     First, the government has provided no discovery establishing any of the above (other than a rap
6 sheet indicating a conviction for accessory after the fact).  Beyond that, such evidence is irrelevant to the
7 charge of felon in possession of a firearm.  Ninth Circuit case law is clear: the government "must
8 articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the
9 other acts evidence." *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982).  Rule 404(b)
10 strictly forbids use of evidence of prior crimes or bad acts merely to prove bad character, which would be
11 the real effect of permitting the government to introduce such evidence in this case. *United States v.*
12 *Garcia-Orozco*, 997 F.2d 1302, 1303-04 (9th Cir. 1993).  The use of evidence pursuant to this rule "must
13 be narrowly circumscribed and limited" and "may not be introduced unless the government establishes its
14 relevance to an actual issue in the case." *Id.* at 1304 *citing United States v. Hodges*, 770 F.2d 1475, 1479
15 (9th Cir. 1985).

16     Mr. Lemus will not dispute that he had sustained a felony conviction before the date of the seizure
17 of the weapon in this case (*see infra*).  The only contested issue at trial is likely to be Mr. Lemus's
18 knowledge of the presence of the firearm in his apartment.  The contested evidence is immaterial and
19 therefore irrelevant to whether Mr. Lemus knowingly possessed the firearm on the date charged.

20     Further, evidence of dangerousness such as gang ties or a violent history is highly prejudicial,
21 while the probative value is at best de minimus.  As such, the Court should preclude such evidence
22 pursuant to Federal Rule of Evidence 403.

23                                  **IV.**

24 **Mr. Lemus Will Stipulate that he has been Convicted of a Qualifying Felony; the Court Should**
25           **Preclude or Limit the Government from Introducing Evidence of the Conviction.**

26     Mr. Lemus will stipulate for trial purposes that he suffered a conviction in 2001 under California
27 Penal Code § 32 for accessory after the fact.  He further will stipulate that the conviction is a qualifying
28 prior felony under 18 U.S.C. §922(g); that is, that it was a felony punishable by more than one year in

prison. He will enter into this stipulation because of a grave concern that he will suffer unfair prejudice effectively denying him a fair trial should the jury learn that it was an accessory after the fact to a drive by shooting. Under nearly identical circumstances, the Supreme Court held that a defendant's stipulation to the facts constituting the element of a prior felony conviction must be accepted and thereafter renders inadmissible further evidence related to the prior conviction as prejudicial pursuant to Federal Rule of Evidence 403. *Old Chief v. United States*, 519 U.S. 172 (1997).

Mr. Lemus therefore urges the Court to accept his stipulation and to preclude the government from introducing any evidence via documents such as court records or the testimony of its witnesses that Mr. Lemus suffered a felony conviction *involving a drive by shooting*, since such evidence is inherently prejudicial against a defendant faced with a gun charge. Since he will stipulate to his status as a felon, no evidence need be presented; however, he does not object to the government being permitted to introduce evidence limited strictly to the fact that he sustained a conviction for accessory after the fact without any further details.

Finally, should Mr. Lemus testify, he recognizes that he may be impeached with his prior felony conviction pursuant to Federal Rule of Evidence 609. For the reasons cited above, he requests that the Court preclude this impeachment to the fact of a 2002 felony conviction sustained in California for accessory after the fact.

V.

**The Court Should Not Send the Indictment into the Jury Room During Deliberations.**

In the commentary to Model instruction 3.2.1, "Charge Against Defendant Not Evidence," the Committee on Model Jury Instructions, in the Ninth Circuit Manual of Model Jury Instructions, strongly recommends that the Indictment not be sent into the jury room during deliberations. The commentary observed that neither the Federal Rules of Criminal Procedure nor case law require sending a copy of the indictment to the jury room because the indictment is not evidence.

Mr. Lemus urges this Court to follow the Committee's guidance. The language in the instant indictment intentionally mirrors the language of the charged statute. Accordingly, jurors could be improperly persuaded by the similarities between the Indictment allegations and the elements of the crime. Because the indictment is not evidence, but could potentially be mistaken for such, this document

should not be permitted into the jury room during deliberations.

## VI.

### Mr. Lemus Requests Attorney Conducted Voir Dire In Addition to the Court's Questioning

Mr. Lemus requests that the attorneys be given some time to question the potential jurors. Given the serious potential consequences of a felony conviction in this case, as well as the very strong feelings most citizens feel about felons in possession of firearms, the parties ought to have some opportunity to probe the jurors so that they can intelligently exercise both peremptory and for-cause challenges.

## VII.

### Conclusion

For the reasons stated above, the defendant, Mr. Lemus, respectfully requests that this Court grant the above-requested motions.

                                        Respectfully submitted,

                                        /s Jeremy D. Warren

Dated: May 19, 2008                        JEREMY D. WARREN
                                        Attorney for Defendant Lemus

# PROOF OF SERVICE

I declare that:

I am a citizen of the United States and employed in the city of San Diego, CA. I am over eighteen years of age. My business address is 105 West F Street, Fourth Floor San Diego, CA 92101.

On May 19, 2008, I personally served the following documents:

**In Limine Motions**

on the below attorneys by electronic filing:

Assistant United States Attorney Randy Jones

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on May 19, 2008 at San Diego, CA.

/s Jeremy Warren

_____
Jeremy D. Warren